IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                                                               No. CR 20-1888 JB

ALI ALHIGAIMI ESQUEDA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Report and Sentencing Memorandum, filed May 28, 2021 (Doc. 37)("Objections"). The primary issue is whether the Court can apply a 4-level sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(6)(B), because Defendant Ali Alhigaimi Esqueda stole a vehicle with a gun hidden in the center console, and, then, when police apprehended him, he exited the vehicle carrying the gun. The Court concludes that U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level sentencing enhancement applies, because Esqueda possessed a firearm in connection to a burglary. The Court, therefore, overrules the Objections.

## FINDINGS OF FACT

The Court takes its facts from the Second Presentence Investigation Report, filed September 9, 2021 (Doc. 44)("PSR"), and from the Objections.[1] The Court makes its findings of fact by a preponderance of the evidence. See United States v. Williams, No. CR. 17-2556 JB,

---

[1] The Objections object to the first Presentence Investigation Report's application of U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level sentencing enhancement. See Objections at 1. After Alighaimi-Esqueda filed the Objections, the United States Probation Office filed their second PSR. See PSR at 1. The PSR maintains that U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level sentencing enhancement applies. See PSR ¶ 25, at 6. Alighaimi-Esqueda has not filed more Objections. The Court, therefore, will treat the Objections as though they object to the second PSR.

2020 WL 4016108, at *6 (D.N.M. July 16, 2020)(Browning, J.)(citing United States v. Olsen, 519 F.3d 1096, 1105 (10th Cir. 2008)). Accord United States v. Zapata, 546 F.3d 1179, 1192 (10th Cir. 2008). The Court may rely upon hearsay if the hearsay is reliable. See United States v. Banda, 168 F. App'x 284, 289 (10th Cir. 2006)(unpublished)("[T]here is no prohibition on considering hearsay testimony at sentencing, provided it bears indicia of reliability.").[2] The evidence and information upon which the Court relies must have sufficient indicia of reliability. See U.S.S.G. § 6A1.3 ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.").

1. On September 11, 2020, near the intersection of Coors, Blvd. and Parajito Rd. in Albuquerque, New Mexico, Ali Alhigaimi Esqueda and Fernando Landeros stole a truck belonging to the Public Service Company of New Mexico ("PNM"). PSR ¶ 11-12, at 4-5.

2. There was a Smith & Wesson M&P .40 caliber pistol in the truck's center console

---

[2]United States v. Banda is an unpublished opinion, but the Court can rely on an unpublished opinion from the United States Court of Appeals for the Tenth Circuit to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent . . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Banda, United States v. Beierle, 716 F. App'x 782 (10th Cir. 2017), and United States v. Hendrickson, 592 F. App'x. 699 (10th Cir. 2014) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

when Esqueda and Landeros stole the truck.  See PSR ¶ 11-12, at 4-5.

3. A PNM employee called the police and said that two men had stolen his truck.  See PSR ¶ 11, at 4.

4. The PNM employee told the dispatcher that he left the truck running, and that he left the gun in the truck's center console.  See PSR ¶ 11, at 4-5.

5. A PNM employee located the truck by using a global position system tracker.  See PSR ¶ 12, at 5.

6. Officers from the Bernalillo County Sheriff's Office ("BCSO"), with support from BCSO's Metro I air support unit, found the truck.  See PSR ¶ 12, at 5.

7. A police officer attempted to stop the truck by performing a traffic stop, but Esqueda, the driver, "carelessly fled from deputies at a high rate of speed endangering others on the roadway."  PSR ¶ 12, at 5.

8. Police officers on the ground stayed back, while Metro I continued to observe the truck.  See PSR ¶ 13, at 5.

9. Esqueda continued "to drive onto incoming lanes of traffic and was running red lights at a high rate of speed," even though police officers were not actively pursuing him.  PSR ¶ 13, at 5.

10. Police officers used a spike strip to puncture the truck's front, driver's-side tire, but Esqueda continued to drive.  See PSR ¶ 14, at 5.

11. Esqueda crashed the truck into a fence.  See PSR ¶ 14, at 5.

12. Esqueda got out of the car on the driver's side, "fled on foot, and attempted to hide under a vehicle in [a] parking lot."  PSR ¶ 14, at 5.

13. Landeros also fled.  See PSR ¶ 14, at 5.

14. When police arrived, Esqueda got out from under the sedan "with a handgun in his right hand." PSR ¶ 14, at 5.

15. Esqueda inadvertently "briefly point[ed]" the gun in the police officers' direction. PSR ¶ 14, at 5.[3]

16. Esqueda stated to police officers "I have a gun." PSR ¶ 14, at 5

17. Esqueda released the gun's magazine, dropped gun, and was arrested without further incident. See PSR ¶ 14, at 5.

18. The gun "had a round chambered." PSR ¶ 14, at 5.

19. Esqueda later admitted to being in the truck but stated that he was not driving. See ¶ 15, at 5.

20. Esqueda also admitted that he retrieved the gun before he fled the truck. See ¶ 15, at 5.

21. When Esqueda stole the PNM truck, he had already been convicted of a felony. See PSR ¶ 38-39, 9-10; id. ¶ 98, at 20.

---

[3]In the PSR, the United States Probation Office states: "Video footage from Metro I shows the defendant briefly point the firearm in the direction of deputies." PSR ¶ 14, at 5. In the Objections, however, Alighaimi-Esqueda contends that "[a]t no time did [he] attempt to point the firearm at law enforcement." Objections at 3. Although neither Alighaimi-Esqueda, the United States Probation Office, or the United States of America treat it as a factual objection, the United States later contends that Alighaimi-Esqueda "appeared to point [the gun] briefly at law enforcement." United States' Response to Defendant's PSR Objection and Sentencing Memorandum at 2, filed June 4, 2021 (Doc. 38). Without the alleged video footage, the Court cannot say beyond all doubt that Alighaimi-Esqueda pointed the gun at officers. Because, however, Alighaimi-Esqueda objects only that he did not "attempt" to point the gun at officers, the Court concludes by a preponderance of the evidence that Alighaimi-Esqueda briefly pointed the gun at police officers. Objections at 3. In the absence of evidence that he intended to do it -- let alone do it in a threatening manner -- the Court concludes that Alighaimi-Esqueda pointing the gun at police was inadvertent.

**PROCEDURAL BACKGROUND**

On February 26, 2021, Esqueda pled guilty to one count of being a felon-in-possession, in violation of 18 U.S.C. §§ 922(g)(1) and 924. See Plea Agreement at 3, filed February 26, 2021 (Doc. 30). In the PSR, the United States Probation Office ("USPO") calculates Esqueda's total-offense level to be 19. See PSR ¶ 33, at 7. The USPO recommends a base-offense level of 14, U.S.S.G. § 2K2.1(b)(4)(A)'s 2-level enhancement for the firearm being stolen, U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement for using or possessing a firearm in connection with another felon offense, U.S.S.G. § 3C1.2's 2-level enhancement for obstructing justice, and U.S.S.G. § 3E1.1's 3-level reduction for acceptance of responsibility. See PSR ¶¶ 23-33, at 6-7.

Esqueda objects to the application of U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement for using or possessing a firearm in connection with another felon offense. See Objections at 1-2. Esqueda states that he "[o]stensibly . . . possessed the firearm in connection with the New Mexico felony offense of aggravated fleeing," but there is no evidence that he "possessed the gun at the same time . . . [that he]was allegedly committing the crime of aggravated fleeing." Objections at 1-2. Esqueda contends that he neither actually nor constructively possessed the gun while allegedly committing aggravated fleeing from a law enforcement officer, in violation of N.M.S.A. § 30-22-1.1. See Objections at 3-4. According to Esqueda, although there is a "lengthy recording" of his flight from the police, "one cannot see if he possessed the firearm, either actually or constructively as the crime of aggravated fleeing was occurring," because the helicopter recorded the video; so it does not show the truck's interior. Objections at 4. According to Esqueda, the video does not show the gun until Esqueda "exits the vehicle once the vehicle is stopped." Objections at 4. Esqueda contends that, at that point, the "crime of aggravated fleeing a law enforcement officer was complete." Objections at 4. Moreover, Esqueda argues that there is "no

evidence" about "when" he "retrieved the firearm." Objections at 4.

The United States responds to Esqueda. See United States' Response to Defendant's PSR Objection and Sentencing Memorandum at 2, filed June 4, 2021 (Doc. 38)("Response"). The United States contends both that Esqueda possessed the gun in furtherance of aggravated fleeing and that Esqueda possessed the gun, which "clearly furthered his felony car theft," in violation of N.M.S.A. § 30-16D-1. Response at 3. The United States references U.S.S.G. § 2K2.1's application notes, which state that the U.S.S.G. § 2K2.1(b)(6)(B) applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S.S.G. § 2K2.1 cmt. 14(B). See Response at 3. According to the United States, Esqueda's theft of the PNM truck is "akin to the burglary example in that [Esqueda] encountered the firearm during the course of an auto theft." Response at 3. Additionally, the United States asserts that, even if Esqueda did not "engage in any other conduct with the firearm during the course of the auto theft, the presents of the firearm still had the potential to facilitate another felony offense." Response at 3. The United States contends that this risk "remains true" if Esqueda either "found the firearm immediately upon stealing the car or moments before exiting the stolen car in an attempt to flee from law enforcement." Response at 4.

The USPO agrees with the United States and maintains that U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement applies. See Addendum to the Presentence Report at 1, filed June 21, 2021 (Doc. 39)("Addendum"). In the Addendum, the USPO states that Esqueda possessed the gun "in connection with another felony offense, Aggravated Burglary." Addendum at 2. In addition, the USPO notes that Esqueda was charged with unlawful taking of a motor vehicle, aggravated fleeing from law enforcement, aggravated burglary, and receipt, transportation, or possession of a firearm

or destructive device. Addendum at 2. According to the USPO, "[e]ach of these except for the last charge (as it is the same as the conviction in this case)" is sufficient to apply U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement. Addendum at 2.

## RELEVANT LAW REGARDING THE GUIDELINES

U.S.S.G. § 2K2.1(b)(6)(B) provides for a 4-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "[A]nother felony offense" "means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. 14(C). See United States v. Gross, No. CR 16-0454 JB, 2016 WL 9021829, at *15 (D.N.M. Dec. 16, 2016)(Browning, J.)("An enhancement under § 2K2.1(b)(6) may be applied even though the felony in connection with which the firearm is possessed was not an offense for which the defendant was convicted." (citing United States v. Gambino-Zavala, 539 F.3d 1221, 1230 n.3 (10th Cir. 2008))). Application note 14(A) to U.S.S.G. § 2K2.1 specifies that the use or possession is "in connection with" another felony offense "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. 14(A). The United States Court of Appeals for the Tenth Circuit has explained: "The plain and commonly understood meaning of 'facilitate' is to make easier." United States v. Marrufo, 661 F.3d 1204, 1207 (10th Cir. 2011). See United States v. Serna, 405 F. Supp. 3d 1107, 1110 (D.N.M. 2019)(Browning, J.).

An enhancement under U.S.S.G. § 2K2.1(b)(6) may be applied even though the felony in

connection with which the firearm is possessed is not an offense for which the defendant is convicted.  See United States v. Gambino-Zavala, 539 F.3d at 1230 n. 3.  In United States v. Magallanez, 408 F.3d 672 (10th Cir. 2005), the Tenth Circuit held that, even after United States v. Booker, 543 U.S. 220 (2005), as long as the guidelines are considered advisory, facts relevant to sentencing still need be proved only by a preponderance of the evidence.  See United States v. Magallanez, 408 F.3d at 684-85.  See also United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005)("Booker therefore does not render judicial factfinding by a preponderance of the evidence per se unconstitutional.").

U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement has four distinct elements, and "[t]he United States must prove that the defendant: (i) used or possessed; (ii) any firearm or ammunition; (iii) in connection with; (iv) another felony offense."  United States v. Kepler, No. CR. 11-1946 JB, 2012 WL 592422, at *5 (D.N.M. Feb. 14, 2012)(Browning, J.)(citing U.S.S.G. § 2K2.1(b)(6)). In United States v. Kepler, the United States and the defendant stipulated that § 2K2.1(b)(6)'s 4-level enhancement did not apply, and the Court accepted the stipulation, because there was a lack of evidence regarding whether the defendant or some other occupant in the house owned the locked box that contained methamphetamine and a handgun.  See United States v. Kepler, 2012 WL 592422, at *6.  The Court explained:

> Given that the Court has no ability to gather or present evidence to support a sentencing enhancement, the Court is dependent in many ways on the United States to assess the strength of its arguments and evaluate whether it can prove that a particular enhancement applies. While it is possible that the methamphetamine is attributable to [the defendant], the evidence before the Court does not support a factual finding to that effect by a preponderance of the evidence. Without proof that [the defendant] committed another felony offense, the United States cannot establish that an enhancement under U.S.S.G. § 2K2.1(b)(6) applies.

United States v. Kepler, 2012 WL 592422, at *6.  See United States v Pacheco, No. CR 13-2643 JB, 2014 WL 3421063, at *7 (D.N.M. July 8, 2014)(Browning, J.).

To establish possession under § 2K2.1(b)(1)(A), the United States "must show the defendant actually or constructively possessed the guns." United States v. Gambino-Zavala, 539 F.3d 1221, 1229 (10th Cir. 2008). Active possession entails a "close connection linking the individual defendant, the weapon and the offense." United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1187 (10th Cir. 2004). By contrast, constructive possession "exists when a person not in actual possession knowingly has the power and intent at a given time to exercise dominion or control over an object." United States v. Little, 829 F.3d 1177, 1182 (10th Cir. 2016).[4] See Henderson v. United States, 575 U.S. 622, 626 (2015)("Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object."). See also United States v. Beierle, 716 F. App'x 782, 790 (10th Cir. 2017)(unpublished)(applying United States v. Little's constructive-possession analysis of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) to U.S.S.G. § 2K2.1(b)(1)(A)). Moreover, § 2K2.1(b)(4)(A) applies "regardless of whether the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1, cmt. n.8(B). The United States need prove these factors to the sentencing judge by only a preponderance of the evidence. See Alleyne v. United States, 570 U.S. 99 (2013); United States v. Hendrickson, 592 F. App'x. 699, 705 (10th Cir. 2014)(unpublished)("It is well-established that sentencing factors need not be charged in an indictment and need only be

---

[4]In United States v. Little, the United States Court of Appeals for the Tenth Circuit explained that the Supreme Court of the United States' opinion in Henderson v. United States, 575 U.S. 622 (2015), "changed the law of constructive possession in our circuit." In Henderson v. United States, the Supreme Court "squarely held that constructive possession requires both power to control an object and intent to exercise that control." United States v. Little, 829 F.3d at 1182 (citing Henderson v. United States, 575 U.S. at 626). In United States v. Little, therefore, the Tenth Circuit overruled its earlier holding in United States v. Colonna, 360 F.3d 1169 (10th Cir. 2004), which held that, for purposes of constructive possession, "[i]t is not necessary to show that the defendant intended to exercise . . . dominion or control." United States v. Colonna, 360 F.3d at 1179. See United States v. Little, 829 F.3d at 1182.

proved to the sentencing judge by a preponderance of the evidence.").

## ANALYSIS

The Court concludes that U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement applies, because Esqueda found and took a firearm during the course of a burglary. See U.S.S.G. § 2K2.1(b)(6)(B) instructs a court to apply a 4-level enhancement if the defendant "used or possessed any firearm or ammunition with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Application Note 14 to U.S.S.G. § 2K2.1 states that § 2K2.1(b)(6)(B) applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S.S.G. § 2K2.1 cmt. 14(B). In New Mexico, burglary is the "unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein." N.M.S.A. § 30-16-3. Burglary of a vehicle is a fourth-degree felony. See N.M.S.A. § 30-16-3(B).

Here, Esqueda broke into a truck with the intent to steal the truck. See PSR ¶ 11, at 4-5. Esqueda also admitted that he took the gun that he found in the truck. See PSR ¶ 15, at 5. As a result, Esqueda possessed a firearm in connection to a burglary. Esqueda argues only that he did not possess a firearm in connection to the crime of aggravating fleeing from law enforcement. See Objections at 3-4. Because there is no evidence that he knew the gun was in the center console while he was fleeing, or any evidence that he held it before exiting the truck, Esqueda is correct that there is insufficient evidence to conclude that he possessed the firearm while he was fleeing. See United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1187 (10th Cir. 2004)(requiring a "close

connection" between the defendant and the weapon to find actual possession). By contrast, constructive possession "exists when a person not in actual possession knowingly has the power and intent at a given time to exercise dominion or control over an object." United States v. Little, 829 F.3d 1177, 1182 (10th Cir. 2016)(concluding that a person "not in actual possession knowingly [must have] the power and intent" to "exercise dominion and control over an object" to find constructive possession).

Esqueda does not dispute, however, that he possessed the firearm when he exited the truck which he had just stolen. See Objections at 1-10. The U.S.S.G.'s Application Note 14(B) leaves little doubt that U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement applies when a defendant takes a firearm he finds during the course of a burglary. See U.S.S.G. § 2K2.1 cmt. 14(B). As the United States Court of Appeals for the Tenth Circuit explains, Application Note 14(B) was "added to remedy the disagreement among the courts regarding the application of the four-level enhancement to cases in which the other offense is a burglary." United States v. Morris, 562 F.3d 1131, 1136 (10th Cir. 2009). Moreover, "[n]othing in that guideline suggests that a contemporaneous crime cannot be considered 'another' offense." United States v. Morris, 562 F.3d at 1135 (quoting United States v. Armstead, 114 F.3d 504, 513 (5th Cir. 1997)). Because Esqueda does not challenge the scope, legality, or applicability of Application Note 14(B), U.S.S.G. § 2K2.1(b)(6)(B)'s application is "straightforward." United States v. Krumwiede, 599 F.3d 785, 790 (7th Cir. 201). See Stinson v. United States, 508 U.S. 36, 45 (1993)(concluding that the U.S.S.G.'s commentary is "akin to an agency's interpretation of its own legislative rules," so it is controlling unless it is plainly erroneous or inconsistent with U.S.S.G.'s text); United States v. Morris, 562 F.3d at 1136 (concluding that Application Note 14(B) and U.S.S.G. § 2K2.1(b)(6)(B) are consistent). Because, therefore, Esqueda found and took the gun while

stealing the PNM truck -- and because N.M.S.A. § 30-16-3(B) includes vehicle theft in its burglary definition -- he possessed the gun "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). See United States v. Padilla, No. CR. 20-1427 JB, 2021 WL 616702, at *1 (D.N.M. Feb. 17, 2021)(Browning, J.)(applying U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement even though the firearm possession did not facilitate the underlying conviction). The Court, therefore, will apply U.S.S.G. § 2K2.1(b)(6)(B)'s 4-level enhancement.

**IT IS ORDERED** that the Objection in the Defendant's Objections to the Presentence Report and Sentencing Memorandum, filed May 28, 2021 (Doc. 37), is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred J. Federici
  Acting United States Attorney
Holland S. Kastrin
  Assistant United States Attorney
United State Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Margaret A. Katze
  Federal Public Defender
Devon Fooks
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorneys for the Defendant*